STATE OF MAINE   SUPERIOR COURT
CUMBERLAND, ss.  CIVIL ACTION
DOCKET NO. CV-04-478

RAND N. STOWELL

      Plaintiff

v.  ORDER ON
DEFENDANT'S MOTION
FOR SUMMARY
FARMERS INSURANCE  JUDGMENT
EXCHANGE

      Defendant

Before the court is Defendant Farmers Insurance Exchange's ("Defendant") motion for summary judgment on Plaintiff Rand N. Stowell's ("Plaintiff") complaint.

## UNDISPUTED FACTS

On June 3, 2003, Plaintiff was served with a complaint from four individuals claiming monetary damages against two companies owned by Plaintiff, and against Plaintiff in his individual capacity. This complaint alleges that Plaintiff's companies hired the individuals in mid-2002 at various stated salaries, and failed to pay these salaries during the periods of their employment, which lasted anywhere from five to eight months.

The basis of the claims against Plaintiff in his individual capacity are, (1) a claim for injunctive relief to prevent Plaintiff from using or transferring one of the individual's claimed patent rights; (2) a claim for monetary damages for Plaintiff's alleged fraudulent conduct in (i) promising to pay the individuals their salaries in the near future and (ii) promising to personally pay the individuals their salaries if they continued to work for his companies; and (3) a claim for

monetary damages based on promissory estoppel, alleging that Plaintiff personally promised that he would pay the individuals their weekly salaries if they would continue to work for his companies.

On July 27, 2004, Plaintiff commenced this action against Defendant, claiming that Defendant has a duty to defend Plaintiff in the above-described suit. Plaintiff has a homeowners policy with Defendant with an effective date of 07/01/02 to 07/01/03, and an umbrella policy covering both this homeowners policy as well as an auto insurance policy.[1] The umbrella policy has an effective date of 12/01/03 to 12/01/04. Under Coverage E of the homeowners policy, Plaintiff is covered by Defendant for personal liability for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which the coverage applies. "Occurrence" is defined in the policy as an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in "bodily injury" or "property damage." "Bodily injury" and "property damage," in turn, are defined as bodily harm, sickness or disease, including required care, loss of services and death that results; and physical injury to, destruction of, or loss of use of tangible property. The homeowners policy also excludes personal liability coverage for "bodily injury" or "property damage" arising out of or in connection with a "business" engaged in by the insured. The policy states that this exclusion applies to but is not limited to an act or omission regardless of its nature or circumstance, a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business."

---

[1] The only two policies on file with the court are the homeowners policy and the umbrella policy, though it appears from the umbrella policy that it covers an auto insurance policy also issued to Plaintiff through Defendant.

# DISCUSSION

Summary judgment is proper when the citations to the record found in the parties Rule 56(h) statements demonstrate that no genuine issue of material fact has been generated and that a party is entitled to a judgment as a matter of law. *American Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 10, 814 A.2d 989, 993. An insurer's duty to defend its insured presents a question of law that the court determines by comparing the allegations in the underlying complaint with the provisions of the insurance policy. *Baywood Corp. v. Maine Bonding & Casualty Co.*, 628 A.2d 1029, 1030 (Me. 1993). The insured is entitled to a defense if there exists any legal or factual basis that could be developed at trial that would obligate the insurer to pay under the policy. *Id.* The duty to defend does not encompass alleged hazards not within the scope of the policy. *Id.*

The allegations in the underlying complaint and the terms of Plaintiff's homeowner's policy with Defendant, which was the only policy in effect at the time Plaintiff's alleged liability arose, establish as a matter of law that Plaintiff's alleged liability is not within the scope of the policy. *See id.* The allegations in the underlying complaint allege neither "bodily injury" nor "property damage" as contemplated by the homeowners policy under the personal liability coverage. *See id.* Additionally, the allegations of liability arose out of business engaged in by the Plaintiff, coverage for which is specifically excluded by the policy. *See id.* Accordingly, Defendant owes no duty to defend Plaintiff in the underlying suit and summary judgment in favor of Defendant is proper.

The entry is:

Defendant's motion for summary judgment is GRANTED.

Dated at Portland, Maine this 22ND day of November, 2005.

Robert E. Crowley
Justice, Superior Court

JAMES POLIQUIN ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

JEFFREY EDWARDS ESQ
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546